CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 15 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

TYLAN LUCAS 19308-047

    Petitioner

v.

    Case Number: 7:18cv00506

UNITED STATES OF AMERICA

    Respondent

PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Charges violations of:

21 U.S. Code § 841 (a) (1)

18 U.S.C. § 924(c)

A fair reading of statutes must be certain of Congress's intent before finding that federal law overrides the usual constitutional balance of federal and state powers. See BOND v. UNITED STATES (No. 09-1227) 581 F. 3d 128, BOND v. UNITED STATES CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT No. 12–158. Argued November 5, 2013—Decided June 2, 2014. Wherefore, I file my writ of Habeas Corpus for an acquittal and my immediate release. My arrest was not privileged to the United States of America, and my subsequent conviction violated the narrow-federal state balance. See _United States v. Fenton, 10 F. Supp. 2d 501 (W.D. Pa. 1998)_. My charges were a product of the violation of the narrow-federal state balance. See _Chapman v. United States, 500 U.S. 453, 463-64, 111 S. Ct. 1919, 114 L. Ed. 2d 524 (1991)_; _Hughey v. United States, 495 U.S. 411, 422, 110 S. Ct. 1979, 109 L. Ed. 2d 408 (1990)_; _Crandon v. United States, 494 U.S. 152, 158, 168, 110 S. Ct. 997, 108 L. Ed. 2d 132 (1990)_. The Federal government lacks jurisdiction to investigate and prosecute state crimes. I was not charged with interstate commerce. See Federal Rules of Criminal Procedure. Therefore, my federal arrest violated the Separation of Powers. The validity of an arrest is controlled by the state and state. Citing statues alone without evidence of federal jurisdiction violates the narrow federal-state balance. Federal investigations are allowable after evidence leading to an official federal jurisdiction alone is established and not afterwards. It is not clear from the language and legislative history of § 1202(a)(1) whether or not receipt or

possession of a firearm by a convicted felon has to be shown in an individual prosecution to have been connected with interstate commerce. The ambiguity of this provision (which is not only a criminal statute but one whose broad construction would define as a federal offense conduct readily proscribed by the States), must therefore be resolved in favor of the narrower reading that a nexus with interstate commerce must be shown with respect to all three offenses embraced by the provision. Pp. 404 U. S. 339-351. Given that "Congress has traditionally been reluctant to define as a federal crime conduct readily denounced as criminal by the States [,]" *United States v. Bass, 404 U.S. 336, 349, 92 S. Ct. 515, 30 L. Ed. 2d 488 (1971)*, I cannot simply assume that it intended to change the federal-state balance over prosecutions for my charges. Id. *(404 U.S. 336(1971)*. ("In these circumstances, where text, structure and history fail to establish that the Government's position is unambiguously correct the rule of lenity must apply to resolve the ambiguity in [defendant's] favor."); Neither the number of guns or either of my charges trigger federal jurisdiction. Wherefore, I motion the court for a chance to be heard to vacate my federal conviction.

TYLAN LUCAS 19308-047
USP LEE
LEE COUNTY INDUSTRIAL PARK
HICKORY FLATS ROAD
PENNINGTON GAP, VA 24277

October 9, 2018

Tyland Lucas 19308-047
USP Lee
Lee County Industrial Park
Hickory Flats Rd
Pennington GAP VA 24277

U.S. District Court
210 Franklin Rd. S.W. Suite 540
Roanoke VA 24011

24011-000340