## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **TYLAN LUCAS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:18CV00506 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |
| | ) | |

*Tylan Lucas, Pro Se Petitioner.*

The petitioner, Tylan Lucas, a federal inmate proceeding pro se, has filed a

Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, contending that

his federal arrest and conviction are unconstitutional. After review of the record, I

will summarily dismiss the petition.[1]

On January 10, 2005, in the United States District Court for the District of

Nebraska, Lucas was convicted after a jury trial of drug and firearms charges. His

appeal was ultimately unsuccessful. *United States v. Lucas*, 499 F.3d 769 (8th Cir.

2007). Lucas later filed an equally unsuccessful motion pursuant to 28 U.S.C. §

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), "[i]f it plainly appears from the [face of a § 2241] petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify petitioner."

2255. *United States v. Lucas*, No. 8:04CR44, 2009 WL 914246 (D. Neb. Mar. 30, 2009). Lucas is currently confined at the United States Penitentiary Lee County ("USP Lee"), located in this judicial district.

In his § 2241 petition, Lucas asserts that the district court in Nebraska lacked jurisdiction to investigate, arrest, charge, or prosecute him for his crimes. He argues that because he "was not charged with interstate commerce," his "federal arrest violated the Separation of Powers," and his convictions must be vacated. Pet. 1, ECF No. 1.

A district court may not entertain a § 2241 petition challenging the validity of an inmate's detention under a federal court judgment unless a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); *Swain v. Pressley*, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has concluded

> that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Lucas cannot satisfy this standard, because he fails to identify any intervening change in substantive law that decriminalized the acts for which he was convicted. Accordingly, I conclude that his claims challenging his arrest and convictions do not fall under the savings clause and thus cannot be addressed under § 2241. For the stated reasons, I conclude that Lucas's § 2241 petition must be summarily dismissed.

A separate Final Order will be entered herewith.

DATED: November 19, 2018

/s/ James P. Jones
United States District Judge